## JONATHAN KENDALL *Admr.* *vs.* WILLIAM FIELD & *al.*

Where the plaintiff's intestate was employed by the defendants to hew timber for them in the woods, and while so employed entered daily on a shingle the quantity hewed by him each day; and the timber was taken away by the defendants without a survey, and mingled with other timber; the shingle is competent evidence to be submitted to the jury on the trial in an action to recover the value of the intestate's labor.

Where land of the defendant was attached on the writ, and afterwards conveyed by him by deed of warranty, and his grantee also conveyed the same land by deed of warranty to another; the grantee of the defendant is not a competent witness for him in that suit.

ASSUMPSIT upon an account annexed to the writ, against which the defendants filed an account in set-off.

The plaintiff offered in evidence a shingle, on which it was proved that his intestate entered from day to day in the woods an account of the timber hewed by him each day, under a contract with the defendants. No more of the evidence is given in the report of the trial, and no further description of the shingle; but it was referred to in the report. To the admission of this shingle the counsel for the defendant objected, but *Weston C. J.*, before whom the action was tried, admitted it.

The defendants offered one *Fiske* as a witness, to whose admission the plaintiff objected on the ground of interest. It appeared, that the plaintiff had attached in this suit the land of the defendants, which they had subsequently conveyed by deed of warranty to *Fiske*, the proposed witness, and the witness had conveyed the same land by deed of warranty to another. The witness was rejected, as incompetent, on the ground of interest. The verdict was for the plaintiff, and was to be set aside if the shingle should have been excluded, or the witness ought to have been received.

There was also a motion to set aside the verdict as against evidence.

*W. P. Fessenden*, for the defendants, argued:—

1. The shingle was improperly admitted in evidence.

All the cases on the subject of admitting books have gone only to books, and from the necessity of the case. When admitted, they are first to be examined, and are open to all possible objections.

To be evidence, the book must be the register of his daily doings not only with one man alone, but with others, and the whole book is subject to examination. It did not appear, nor will it be pretended, but that the intestate could keep a book, and did in fact keep one in writing in which he made his charges generally. Nor was there any evidence to shew, that he had not transferred the charges, if such they may be called, to a leger. No case has gone farther than to admit the book, or books, in which the whole charges in his dealings are made. This can be no better, than for a trader or mechanic, to bring in a loose leaf of paper with charges or marks on it against one man only. It does not come within the principles, on which books have been admitted. *Dunn v. Whitney,* 1 *Fairf.* 9; *Prince* v. *Smith,* 4 *Mass. R.* 445; 3 *Dane,* 320.

2. The witness ought not to have been rejected.

If *Fiske,* the person offered as a witness, had any interest in the result of the suit, it was a balanced one, and the case comes within the principle of *Bean* v. *Bean,* 12 *Mass. R.* 20. If *Fiske* was exposed to liability on his covenants by reason of the attachment, he had a remedy on the covenants in his deed from the defendants to recover the same amount. The possibility of interest is too remote and contingent to exclude the witness.

*E. Brown,* for the plaintiff.

The question in this case is not whether the shingle was sufficient evidence to prove the demand claimed. Every thing, but the quantity of timber hewed, was proved by other evidence. It was proved, that the intestate worked in the woods, and marked down daily on this shingle the amount of his work. The admission is justified on the ground of necessity, and as being the best evidence the nature of the case would admit. The fact, that it was done with a pencil, makes no difference. 2 *Kent,* 511.

The witness was rightly rejected, as was decided in *Schillinger* v. *McCann,* 6 *Greenl.* 364.

The opinion of the Court was delivered the same term by

WESTON C. J — The plaintiff's intestate was employed by the defendants to hew timber for them in the woods. While there, the intestate entered daily on a shingle, the quantity hewn by him

each day.   It was taken away by the defendants, without being
surveyed, and mingled with other timber.   Considering the nature
of his employment, and the place where he was, and that the
shingle contained the daily minutes of the business in which he
was engaged, we think it was legally admissible.   It was a substi-
tute for a memorandum book, which answered the purpose at the
time, and was, perhaps, as little liable to alteration or erasure, with-
out being detected by the eye, as if made on paper.   And we are
of opinion, that it was proper evidence to be submitted to the jury,
and to be weighed by them, in connexion with the other testimony.

The witness rejected was clearly inadmissible on the ground of
interest.   If the defendants, for whom he was called, had prevail-
ed, their land, which has been conveyed to him since this action,
and which he has reconveyed with warranty, would be liberated
from attachment.   That a witness so circumstanced, is incompe-
tent, although he may have taken a covenant of warranty from his
grantor, was decided in *Schillinger* v. *McCann*, 6 *Greenl.* 364, to
which we refer.

*Judgment on the verdict.*