## HOOPER *versus* TAYLOR.

The book of a party, containing his original entries of charges fairly and honestly made, in the regular course of his business, and at or about the time of the transactions to which they refer, with his suppletory oath, is admissible as testimony in support of the items therein.

What may be the *form* or *construction* of the book, or of what *material* it may be made, if capable of perpetuating a record thereon, is immaterial.

Thus, if such entries are *thus made* upon a slip of paper, that paper, with the suppletory oath of the party, is *competent* evidence.

Nor is it an insuperable objection to the competency of such entries, that the *quantity* and *weight* of the articles charged, are omitted.

But the nature of the charges to be supported in this manner is well defined by law, and it is well settled, that no charges for cash above forty shillings can be thus proved.

Hooper *v.* Taylor.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT. The case was referred. The referee reported, that plaintiff ought to recover eighty-two dollars in full of all demands, unless the charges contained in the paper annexed to his report, which was produced by plaintiff, as containing original entries, should be considered with the suppletory oath of plaintiff, proper and legal evidence as original entries in support of said charges, amounting, exclusive of the first charge, to the sum of one hundred and three dollars and twenty cents.

If the Court should be of opinion that the referee ought to have admitted that paper and it was legal evidence, then the plaintiff ought to recover one hundred and three dollars and twenty cents in addition to said sum of eighty-two dollars, amounting to one hundred eighty-five dollars and twenty cents; otherwise the sum of eighty-two dollars only.

The paper annexed was a small piece by itself headed thus, " In 1849, to Mr. Dimond Taylor," and contained about fifty different items, from Nov. 6, to Sept. 21, 1852. The first item was "Nov. 6, cash, $36,00." Under the different dates was charged flour, pork, tea, rice, &c., but the quantity was not specified. Among them were several items of cash, two of which were over forty shillings each.

The presiding Judge accepted the report and ordered judgment for the larger sum stated.

Exceptions were taken to this ruling.

*J. Dane, jr.,* in support of the exceptions.

1. The ruling was wrong, because the referee no where in his report gave the plaintiff a greater sum than $82,00.

2. If the referee had the right to make an alternative report, he has not in fact made such a one as to justify the judgment for the larger sum. He should have reported the facts proved by the evidence. *Kempton* v. *Stewart,* 31 Maine, 566. He gives no reason for rejecting the evidence. He submits to the Court to decide the matter of admissibility upon inspection, and therefore annexed the original

paper to his report. It does not appear that it was offered as the plaintiff's book of accounts, and he therefore rightfully rejected it.

To make the party's book admissible for any purpose, it must contain the original entries of the party made by himself; it must be an account of his daily transactions; the charges must be specific, they must denote the particular work or services charged, and the quantity, number, weight, or other distinct designation of the materials sold or furnished, and attach the value to each item. *Cogswell* v. *Dolliver*, 2 Mass. 220; *Prince, Adm'r*, v. *Smith*, 4 Mass. 458; *Mathes* v. *Robinson*, 8 Met. 270; *Gibson* v. *Bayley*, 13 Met. 538; *Eastman* v. *Moulton*, 3 N. H. 156; *Jones* v. *Jones*, 3 Foster, 223.

But there are obvious objections to the admissibility of this paper.

1. It requires explanation. The name of defendant appears indeed, but who can tell whether as creditor or debtor? Of itself it shows no indebtedness.

2. The charges are entered on one sheet of gilt edged note paper. See cases before cited.

3. It is obvious that the entries are not original entries; that is, were not made at the times they purport to have been made.

4. The articles are not charged by weight, number, or measure.

5. There are two charges among the cash items larger than can be proved in this mode. One being for $7,00 and the other for $8,00.

*Emery & Loring*, contra, cited *Cogswell* v. *Dolliver*, 2 Mass. 221; *Faxon* v. *Hollis*, 13 Mass. 427; *Prince, Adm'r*, v. *Smith*, 4 Mass. 455; *Witherell* v. *Swan*, 32 Maine, 247.

RICE, J. — This case comes before us on exceptions to the ruling of the Judge, in accepting a report of a referee. The referee stated in his report, that the plaintiff ought to recover against the defendant, eighty-two dollars, in full of all

demands, unless the *charges* contained in the paper annexed to his report, which was produced by the plaintiff, as containing original entries, should be considered, with the suppletory oath of the plaintiff, proper and legal evidence, as original entries in support of said charges, amounting, exclusive of the first charge of thirty-six dollars, to the sum of one hundred and three dollars and twenty cents. And if the Court should be of the opinion that the referee ought to have admitted said paper, as containing original entries, and legal evidence in the case, then, in the opinion of the referee, the plaintiff ought to recover the said sum of one hundred and three dollars and twenty cents, in addition to said sum of eighty-two dollars. The Court accepted the report for the largest sum.

The paper referred to, contains many charges for cash and merchandize, and among them two charges for cash, one for seven, and the other for eight dollars.

The powers of the referee in this case were unrestricted. The whole case, both as to law and fact, were submitted to his determination. It was competent for him to have admitted or rejected the testimony, according to his views of the merits of the case, and the legal rights of the parties. But he has not exercised his full powers, but has presented certain legal questions for the decision of the Court. This course was also legitimate and proper. The questions thus submitted are, substantially, whether the paper annexed to his report was competent testimony, and proper to be considered by him; and if so, whether the charges thereon could be legally established by that paper, and the suppletory oath of the party introducing it.

The rule authorizing parties to introduce their books of original entries, supported by their suppletory oath, has long prevailed in this country, and, under different degrees of strictures, is believed to be an established rule of practice in nearly every State in the Union.

This species of evidence, has not, however, ordinarily been looked upon by the Courts with much favor, but has only

been admitted when other and more satisfactory evidence could not be obtained, from the necessity of the case, and to prevent an entire failure of justice.

Some degree of uncertainty exists as to what shall be deemed *books,* within the meaning of the rule. The reason or necessity which would authorize the introduction as evidence, of the regularly kept *shop book* of the merchant or small trader, would seem to apply with equal force, at least, to the less formal *book* of the mechanic or common laborer. In practice, Courts have felt the force of this necessity. Hence, in the case of *Cogswell* v. *Dolliver,* 2 Mass. 218, the Court admitted two small memorandum books, not kept in the form of a day or waste book, which contained items of the account filed, intermixed with various charges relating to dealings with other persons, alike irregular, in whatever blank space the defendant could find, without reference to order, or to dates or pages.

In *Mathes* v. *Robinson,* 8 Met. 269, a " *time book,*" kept in tabular form, with the suppletory oath of the party, was admitted to prove the number of days' labor performed by the plaintiff.

In *Smith* v. *Smith,* 4 Harrington, the plaintiff offered several scraps of paper, as his book of original entries, to sustain an action for work and labor, goods sold and delivered, &c. The Court remarked, " that long practice, and perhaps necessity, required the admission of such evidence." These scraps of paper were permitted to go to the jury, the plaintiff swearing to them, as original entries.

In *Hall* v. *Field,* 4 Harrington, the defendant offered a sheet of paper, sewed together in octavo, as his book, with his suppletory oath, which was admitted by the Court. READ, C. J., remarked, " one instance, thirty years back, occurs to me ; since which I have not objected to such exhibits. It was a bit of paper about two inches square, and entered some time after the transaction, but was the only evidence, and it was admitted on argument, at Dover."

In *Rowland* v. *Burton,* 2 Har. 288, the plaintiff, (a negro)

was sworn on *voir dire,* to prove his books; when he produced, as his book of original entries, a small stick, cut and notched in various ways, by which he undertook to prove an account running through two or three years, and consisting of a large number of items. The Court permitted the stick to go before the jury, with the oath of the party that the notches were made at the time the work was done, and the plaintiff had a verdict.

This case finds that the plaintiff was fully examined on his *book,* and the accuracy of his entries tested by an account made out from it some time before. They corresponded with the exception of one item, and it was afterwards ascertained that one of the notches had been defaced by breaking the stick.

In this State, in the case of *Kendall, Adm'r,* v. *Field,* 14 Maine, 30, the plaintiff offered in evidence a shingle, on which it was proved that his intestate entered from day to day, in the woods, an account of the timber hewed by him, under a contract with the defendant, which was admitted by the Court. WESTON, C. J., in delivering the opinion of the full Court, remarked, "considering the nature of his employment, and the place where he was, and that the shingle contained daily minutes of the business in which he was engaged, we think it was legally admissible. It was a substitute for a memorandum book, which answered the purpose at the time, and was, perhaps, as little liable to obliteration or erasure, without being detected by the eye, as if made on paper. And we are of opinion that it was proper evidence to be submitted to the jury."

The principle on which this kind of evidence has been admitted is carried, in some of the cases above cited, to the utmost verge to which it can be extended, without relying entirely upon the oath of the party.

But these and other cases of a like character, clearly show, that it is not important what may be the construction or form of the book or material used, if it be capable of perpetuating a record of events, and the charges thereon are

fairly and honestly made, in the regular course of business, and at or about the time of the transaction to which they refer. Such *books*, thus kept, are competent evidence, with the suppletory oath of the party, as books of original entries.

If the referee is satisfied that the paper offered by the plaintiff, is of such a character, then it is competent evidence for his consideration. But if from the statements of the party, the nature of the charges, or the appearance of the paper itself, he is not thus satisfied, the paper should be rejected.

As was well remarked by SEWALL, J., in *Cogswell* v. *Dolliver*, "the law has prescribed no mode in which the book shall be kept to make it evidence. The question of competency must be determined by the appearance and character of the book, and all the circumstances of the case indicating that it has been kept honestly and with reasonable care and accuracy, or the reverse."

If the paper referred to be found to be admissible, on the principles already stated, is it competent evidence with the oath of the party, to prove the *charges* thereon? Without going into an examination of what may or may not be proved in this manner, it is sufficient to say, that we do not perceive any charges on that paper, which from their character may not be proved by this kind of evidence, except those items of cash which exceed forty shillings, or six dollars and sixty-six cents; that being the largest item of cash which, by the common law of Massachusetts and of this State, can be thus proved. 3 Dane's Ab. 321; *Union Bank* v. *Knapp*, 3 Pick. 96; *Dunn* v. *Whitney*, 1 Fairf. 9. The items of cash found upon that paper exceeding $6,66, cannot therefore be proved by the book and suppletory oath of the party, according to the rules of evidence existing in this State.

The exceptions must therefore be sustained and the report be committed, to be disposed of by the referee, according to the principles herein indicated.