Moody *v.* Roberts & Co.

---

EDWIN MOODY *v.* J. M. ROBERTS & Co.

1. EVIDENCE: BOOKS OF ACCOUNT: WHEN ADMISSIBLE.—When direct proof of a claim for goods sold or for services rendered, cannot be made by the oath of the party or other witnesses, the books of account are admissible,

Moody *v.* Roberts & Co.

not as conclusive evidence of the claim, but as testimony tending to establish it, the credit of which is to be weighed by the jury.

2. SAME: SAME: COMPETENCY OF.—The competency of books of account as evidence is a question for the court, and to justify their reception, it must appear that they are the regular books of account of the party offering them, that they contain the original entries of his transactions from day to day in the regular course of his business, and are made at or near the date of the transaction proved, and are honestly and fairly kept; they must be made to charge the opposite party, and all additions and alterations must be satisfactorily explained.

3. SAME: SAME: COMPETENCY HOW DETERMINED. — The competency of books of account as evidence, must be determined by the appearance and character of the books, regard being had to the education of the party, the nature of his employment, the manner of his charges, and all the circumstances of the case.

4. SAME: SAME: OF WHAT EVIDENCE.—Books of account will not be evidence of any charge not within the regular course of business of the party offering them, nor of any fact that may arise collaterally in the case.

5. SAME: SAME: COPIES NOT ADMISSIBLE.—Copies of accounts, proved by witnesses to be correctly transcribed from the books, are not admissible as evidence.

ERROR to the Circuit Court of Madison county. Hon. E. G. Henry, judge.

*George L. Potter* for plaintiff in error.

*Franklin Smith* for defendants in error.

ELLETT, J., delivered the opinion of the court.

This was an action of assumpsit on an open account for goods sold and delivered. A verdict having been found for the plaintiffs, the defendant moved for a new trial on the ground that the verdict was contrary to law and evidence, and the instructions of the court. This motion being overruled, the defendant below brings this writ of error, and assigns for error : 1. The refusal of the court to grant a new trial ; and 2. That the instructions given for the plaintiffs were erroneous.

The bill of exceptions shows that Rueher, a witness for the plaintiffs, testified that he acted as clerk for them during the years 1858 and 1859 ; that he had compared the accounts sued on with the books, and found that they corresponded, and were

correctly copied; that plaintiffs were in the habit of keeping honest and correct books; that he had never acted as book-keeper, but simply as clerk. He further stated that when defendant commenced business with plaintiffs he had a pass-book, upon the presentation of which he ordered plaintiffs to sell goods upon his credit; that witness, as clerk, sold to defendant, or to some one presenting the pass-book, the articles in the account marked with a certain mark, and had some knowledge of the sale of the articles marked with a certain other mark, as having been sold by plaintiffs or some one else in the store. The items marked with these two marks amounted to something like $500, and he knew nothing of the balance of the account. That the clerks in whose handwriting the entries seem to have been made were living, and had gone off with the Madison Rifles to Pensacola, as he understood, and that the book-keeper had also gone. That about two-thirds of the goods sold by witness, and of those of the sale of which by others he had some knowledge, had been sold on the production of the pass-book. This was all the evidence for the plaintiffs.

The defendant testified that he supposed he was owing plaintiffs some $300 or $400; that what was said by witness Rueher about the pass-book was true. He had made search for the pass-book, but was unable to find it.

In an action for goods sold and delivered, it is of course incumbent upon the plaintiff to prove by legal evidence, to the satisfaction of the jury, the sale and delivery of the goods, and their price or value. Obviously the best and most satisfactory testimony for this purpose is that of witnesses, either the party himself, or his clerks or employees, by whom the goods were sold, or who have knowledge of the fact of sale. But the facts may not be within the personal knowledge of the party, and his clerks may die or remove beyond the reach of the process of the court, or for other reasons it may not be practicable to obtain their testimony. Besides, the witnessess, if present, may not be able to recollect the transactions, and this is especially liable to occur in the case of long merchant's accounts, consisting of a multitude of small items contracted from time to time. To

obviate the evils likely to arise from this source, an innovation has been allowed in the general principles of the law of evidence, so far as to admit, in cases where other satisfactory proof is not attainable, the private entries made by the party himself, or his employees, in his own books of account, as evidence in his favor. This concession is a great enlargement of the principle of the common law, respecting the admissibility of private entries, and, although not unknown to the civil law, appears, among countries in which the common law prevails, to be peculiar to the jurisprudence of the United States. And here, the circumstances under which the books of account of a party are admissible in his favor, and their weight and value as evidence when admitted, are different in almost every State, and have varied from time to time in the same State. Nor are the courts any better agreed as to the principle upon which the evidence is received. Some hold that the entries are original evidence, as part of the *res gestæ ;* and others that they are but secondary evidence, and not admissible at all without proof that no better evidence is within. the power of the party. Some again put it on the ground of the general usage of business, and the implied confidence reposed by the purchaser in the vendor, that the account will be kept correctly, and in accordance with the usage; while others are content to rest it upon a principle of supposed necessity to prevent the occurrence of injustice and hardship from a total failure of proof.

But upon whatever principle it depends, the usage has become firmly established, in some form or other, as a part of our law. Without attempting a review of the numerous adjudications on the subject, we will content ourselves with stating what we apprehend to be the proper rule on the subject.

When direct proof of a claim for goods sold, or for services rendered, cannot be made by the oath of the party, or of other witnesses, the books of account of the party are admissible, not as conclusive evidence of the claim, but as testimony tending to establish it, the credit of which is to be weighed by the jury. The competency of the books as evidence in the particular case,

is a question for the court, and in order to justify their reception, it must appear that they are the regular books of account of the party, containing the original entry of his transactions from day to day, in the regular course of his business, and made at or near the time of the transactions to be proved, and that they are fairly and honestly kept.    The entries must purport to have been made with a view to charge the opposite party, and alterations and additions in the account sued on, apparent on their face, must be satisfactorily accounted for.    No mode is prescribed by law in which a book must be kept to make it evidence, and the question of competency must be determined by the appearance and character of the book, regard being had to the degree of education of the party, the nature of his employment, the manner of his charges against other people, and all the circumstances of the case ; and it will not be evidence of any charge not within the regular course of the business of the party, nor of any fact that may arise collaterally in the case.

A custom has grown up in some parts of this State, which seems to have been followed in the present case, of giving in evidence copies of accounts, proved by witnesses to have been correctly transcribed from the books, and this course derives some support from the language of the court in the several cases of *Hazlip* v. *Leggett,* 6. S. & M., 306 ; *Simmons* v. *Means,* 8 S. & M. 397, and *Moore* v. *Joyce,* 23 Miss. 584.    But there does not seem to be any sound principle upon which such a practice can be sustained.    It is going quite far enough to permit the original book itself, after being inspected by the court, and subjected to the scrutiny of the opposite party, to go as evidence to the jury, and in no other way can the credit due to such testimony be properly estimated.

It is not necessary to go into any minute criticism of the instructions given on either side in the court below.    It is clear that, according to the rules herein laid down, the verdict was for a much larger sum than was warranted by the evidence, and that it ought to have been set aside.    For this error the judgment will be reversed, and the cause remanded for a new trial.