## HALSTEAD v. CUPPY.

1. **Evidence:** ACTION ON BOOK ACCOUNT: COPY. Since a book account cannot be proved by a copy taken from the book, it was error to allow plaintiff to testify that the exhibit attached to his petition was a correct copy of the account as it was kept at the time it accrued.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, DECEMBER 14.

THIS is an action on account for labor performed by plaintiff for defendant, for merchandise furnished him, and for money paid out for his use and benefit. There was a verdict and judgment for plaintiff. Defendant appeals.

*E. A. Babcock*, for appellant.

*Dailey & Smith*, for appellee.

REED, J.—Plaintiff alleges in his petition that between August 12 and December 1, 1881, he furnished to defendant goods, wares and money, to the aggregate amount of $2,155.63, and that there had been paid him on said account at various times sums aggregating $1,938.62. Attached to

the petition as an exhibit was a statement of the account. The items of debit set out in the account numbered something over 100, and it contains fourteen items of credit. The defendant admitted that the sums of money for which credit was given in the exhibit had been paid to plaintiff, but denied the items of indebtedness set out therein. On the trial plaintiff was examined as a witness in his own behalf, and was asked by his counsel whether the exhibit attached to his petition was a correct copy of his account against defendant. He answered that it was a correct copy of the account as it was kept at the time he was doing the work and furnishing the merchandise and paying out the money for which he sought to recover. Defendant objected to the question and answer on the ground that they were incompetent, but the objection was overruled.

In our opinion the objection should have been sustained. The evidence was offered for the purpose of laying the foundation for the introduction in evidence of the exhibit. But the exhibit was not competent evidence to prove the items of the account. It was but a copy of the account as it was kept in plaintiff's books of account at the time of the transactions to which the items relate. The books themselves may have been admissible, but they were not introduced or offered in evidence, and it is well settled that a mere copy of the books is not admissible to prove the account. *Churchill v. Fulliam*, 8 Iowa, 45; *Peck v. Parchen*, 52 Iowa, 46.

For the error in admitting this evidence the judgment will be reversed and the cause remanded.

REVERSED.