### MANHEIMER *v.* STERN *et al.*

(*Common Pleas of New York City and County, General Term.*   April 4, 1892.)

BROKERS—ACTION FOR COMMISSIONS—EVIDENCE—MEMORANDA.

At the trial of an action for commissions on sales of merchandise, plaintiff testified that, between June, 1888, and September, 1889, he effected sales to upwards of 60 different persons, and that at the time of each sale he made a record of the name of the purchaser, with the amount of his purchase, in a book kept for that purpose, and that without the book he was unable to state such names and amounts. *Held* that, for the purpose of ascertaining those particulars, such memoranda were properly admitted in evidence.

Appeal from city court, general term.

Action by Emanuel Manheimer against Solomon Stern, Moses Stern, and Bernard Pasternak for commissions on sales of merchandise. Defendants appeal from a judgment of the general term of the city court affirming a judgment for plaintiff entered upon the verdict of a jury, and an order denying a motion for a new trial. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*A. H. Berrick*, for appellants. *Max Altmayer*, (*David Leventritt*, of counsel,) for respondent.

BISCHOFF, J. As the case does not purport to contain all the evidence taken upon the trial, its sufficiency to sustain the verdict must be presumed, and is not now before us for review. *Arnstein* v. *Haulenbeek*, (Com. Pl. N. Y.) 11 N. Y. Supp. 701; *Aldridge* v. *Aldridge*, 120 N. Y. 614, 616, 24 N. E. Rep. 1022. It remains, therefore, for us to notice the only exception urged for reversal. The action was brought to recover a balance for commissions alleged to have accrued to plaintiff upon sales of merchandise effected by him under a contract of employment with the defendants, and under the issues created by the pleadings it was incumbent upon plaintiff to prove the several sales alleged to have been effected by him. On the trial he testified that between June 22, 1888, and September 15, 1889, he effected sales to upwards of 60 different persons; that at the time of each sale he made a record of the name of the purchaser, with the amount of his purchase, in a book kept for that purpose; and that he was unable, without the book, to state the names of the several purchasers, and the amounts of their respective purchases. The book was produced, and the entries therein were offered and received in evidence, under objection of defendants' counsel respecting their competency, as an auxiliary to the witness' testimony, and for the purpose of ascertaining the names of the several alleged purchasers, and the amounts of their respective purchases, and not to establish the fact of the several sales claimed to have been effected, or that the witness effected such sales. That, under the circumstances mentioned, a memorandum made by the witness may be admitted in evidence, is well settled by authority, (*Halsey* v. *Sinsebaugh*, 15 N. Y. 485; *Russell* v. *Railroad Co.*, 17 N. Y. 135, 138; *Guy* v. *Mead*, 22 N. Y. 462; *Howard* v. *McDonough*, 77 N. Y. 592; *Peck* v.

*Valentine,* 94 N. Y. 569, 571; *Wilson* v. *Railroad Co.,* 114 N. Y. 487, 498, 21 N. E. Rep. 1015;) but, were that not so, we should incline to the view that, for the purposes mentioned, it is not error to admit the memorandum, as under a contrary rule, unless in the case of a person possessed of an abnormally acute memory, justice might be defeated where the demand for which recovery is sought covers, as in the present case, a multiplicity of transactions with as many different persons, the recollection of the particulars of which is beyond the ordinary bounds of human possibility.

Judgment affirmed, with costs.