WILLIAM SKIPWORTH and Another, Respondents, *v.* JOHN DEYELL, Appellant.

*Book of account — when inadmissible in evidence.*

Upon the trial of an action brought to recover upon an alleged oral agreement of the defendant to pay to the plaintiffs, for their saloon, fixtures and stock in trade, all that such saloon, etc., had cost them, it is erroneous to admit in evidence the book of account, kept by one of the plaintiffs, of expenditures in such saloon, where the book is shown not to have been a book of original entries, and was at best the copy of a copy, which was not made entirely by such plaintiff, but half of it by another person, who was not called to verify it, and where the original entries were neither shown to have been made in the ordinary course of business nor in accordance with the duty of the person making them, nor contemporaneously with the transactions to which they related.

All of these elements are essential to the admissibility of a book in evidence, even if it has been shown to be a correct transcript of the original entries so made.

The statement of one of the plaintiffs, that he knew the book to be correct of his personal knowledge, does not make it admissible in evidence.

*Semble,* that such witness might perhaps be entitled to refer to the contents of the book as a memorandum, and testify *seriatim* from his own knowledge as to the correctness of each item, but by no possible means could the book be made evidence, of itself, of the items and amount of the plaintiffs' claim.

APPEAL by the defendant, John Deyell, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 5th day of June, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 8th day of June, 1894, denying the defendant's motion for a new trial made upon the minutes.

*J. F. Kinney*, for the appellant.

*P. Chamberlain, Jr.*, for the respondents.

DWIGHT, P. J. :

There was an error in the admission of evidence in this case which must be fatal to the judgment. The action was on an alleged oral agreement of the defendant to pay to the plaintiffs for their saloon, fixtures and stock in trade all that such saloon, etc., had cost them. The conflict of evidence on the several questions whether any such agreement was ever made, whether the defendant took title to the property from the plaintiffs, and whether the plaintiffs had any title in the property to transfer, was very sharp, and left those questions very much in doubt. But when it came to the question of what the property had cost the plaintiffs, they relied upon what was called "a book of account kept by the plaintiff Thomas Skipworth of expenditures in the place No. 174 State street." This book seems to have contained eight or ten pages of items footing up something more than $1,200. It was presented for identification to the plaintiff Thomas Skipworth when on the witness stand, and after he had undertaken to give the items of the expenses in question from recollection. He testified about the book as follows : " That book contains a statement of everything that we put into the place, except the last note paid Mr. Deyell of $25." The book was then offered in evidence ; counsel for the defendant objected to it as incompetent. The witness testified further : " I kept the book ; some of it is in my handwriting and some in my bartender's ; half of it is my bartender's handwriting ; I was there at the time ; it was copied on to another book first and copied from the other book on to this." The witness was then asked by the court : " Are the items correct of your own personal

knowledge?" To which he answered: "Yes, sir, everything on the book;" the book was thereupon received in evidence, and counsel for the defendant duly excepted to the ruling. The ruling was clearly erroneous. The book was shown not to have been a book of original entries; it was at best the copy of a copy. The copy was not even made by the witness, but half of it by another person, who was not called to verify it. But, what was worse still, the original entries were not shown to have been made in the ordinary course of business, nor in accordance with the duty of the person making them, nor was it shown that they were made contemporaneously with the transactions to which they related. All these elements were essential to the admissibility of the book, even if it had been shown to be a correct transcript of the original entries so made. (*Mayor* v. *Second Ave. R. R. Co.*, 102 N. Y. 572; *West* v. *Van Tuyl*, 17 N. Y. St. Repr. 273.) In both of these cases, as in that of *Manheimer* v. *Stern* (45 N. Y. St. Repr. 648), also cited by counsel for the respondents, the book was received as original memoranda and not as a book of accounts.

None of the preliminary evidence necessary to entitle the book in this case to admission as a book of accounts was given; and, as we have seen, it was equally without evidence to sustain it as original memoranda. The statement of the plaintiff Thomas Skipworth, that he knew the book to be correct of his personal knowledge, did not make it admissible as evidence. The witness might, perhaps, have made a case in which he would be entitled to refer to the list of items as a memorandum, and testify *seriatim* from his own knowledge to the correctness of each item, but by no possible means could the book have been made evidence, of itself, of the items and amount of the plaintiffs' claim.

The judgment and order appealed from must be reversed and a new trial granted, with costs to abide the event.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.