Carroll,
June, 1899.

REMICK v. RUMERY, *Adm'r, Ap't.*

In an action against an administrator, entries in the plaintiff's diaries, made as a daily and original record of his transactions, are competent evidence as to items of labor performed and money expended for and loaned to the intestate, in sums not exceeding $6.67, in the absence of evidence that they were not kept with honesty and accuracy.

Such entries are sufficient evidence of an intention to charge the intestate with a debt, although not kept in the usual form of book accounts, nor with the prices for labor carried out.

In an action against an administrator, evidence of the plaintiff is not admissible to explain and interpret entries in his diary which charge the deceased with a debt.

APPEAL, from the report of the commissioner upon the estate of William A. Malcham, allowing the plaintiff's claim. Facts found by a referee.

In April, 1891, the deceased made a contract with the plaintiff by which the latter was to become a member of his family and work for him when wanted. The plaintiff's claim is for labor performed under this contract, and for money loaned to and goods bought for the deceased.

The plaintiff offered in evidence his diaries for the years 1891 to 1896, inclusive, verified by his suppletory oath. They contain

daily memoranda of purchases made and various kinds of work done for several persons, and of various transactions with them. The entries are original, and were made by the plaintiff at the times they purport to have been made, which were at or near the times of the transactions to which they relate. The following are samples of those relating to the claim in suit:

1891. Jan.  1.  P. M. Hauling sawdust for Maleham.
  "    2.  A. M. On hen-house.
  "    3.  A. M. Got oxen shod.
  "    5.  Breaking roads.
  "    6.  On ice-house for Maleham.
  "    7.  Hauling ice for Maleham.
  "    8.  Hauling ice for Maleham.

Feb.  2.  Sawing wood for Maleham.
  "    3.  Sawing wood for Maleham.

  "   14.  A. M. Sawing wood for Maleham.
  "   16.  Went to the mill to get load of bark,— carried it to Junction.

May  4.  Picking rocks at Pike place for Maleham.
  "    5.  For Maleham, hauling manure.

Aug. 17.  A. M. Went to Junction for Maleham.  P. M Haying for Maleham at Wormwood place.
  "   18.  Putting shafts in wagon, A. M.  P. M. Haying at Wormwood place.

1892. Jan. 19.  Bought one dollar's worth oatmeal.

Feb.  7.  Had horse shod — paid .90.

April 4.  Cream tartar for house, .15.

1892. April 22. For house, cheese .50 — sugar and mo-
lasses, .78.

.    .    .    .    .    .    .

1896. June 25. Lent Maleham $3.00.

No price is carried out in any of the entries relating to labor.
The referee found that the entries for work and for groceries
" do not show an intention to charge the deceased with a debt,"
and that all of the entries are " not in any usual mode of keep-
ing accounts." He also excluded the diaries, and denied the
plaintiff's offer to explain and interpret some of the entries
therein, to both of which rulings the plaintiff excepted.

*Worcester & Snow*, for the plaintiff.

*Arthur L. Foote* and *Frank Weeks*, for the defendant.

BLODGETT, C. J.    The exclusion of the diaries altogether was
erroneous. They were the plaintiff's books of account, kept by
himself as a daily and original record of his transactions and
business, and as such they were competent evidence in his favor,
in the absence of anything in their appearance or character, or
in the circumstances of the case, indicating that they were not
kept with honesty and accuracy. Nothing of this nature is
found or suggested. On the other hand, the principal conten-
tion of the defendant is that the entries against his intestate
should be rejected because they are not in such a form as the
law requires; and it is upon this ground also that the finding of
the referee, " that the entries do not show an intention to charge
the deceased with a debt," must be understood to have been
based, in view of his additional finding that all of the entries are
" not in any usual mode of keeping accounts." It thus being
apparent that the books were excluded solely because of the
form of the entries therein, it becomes necessary to consider this
phase of their competency.

It was decided in the leading case of *Cummings* v. *Nichols*, 13
N. H. 420, 425, that " there is no particular form in which the
book of a party must be kept, in order to its admission as evi-
dence in support of his account;" that it is sufficient if it
shows of itself a charge against the adverse party, and the na-
ture of the charge. See, also, *Swain* v. *Cheney*, 41 N. H. 232,
235.

Testing the plaintiff's entries in the respect complained of by
the rule laid down in *Cummings* v. *Nichols*, or by a comparison
of them with the charges which were held in that case not to be

objectionable in point of form, the unavoidable result is in favor of their competency. It is true that in the items for labor, which constitute the major part of the account, no prices are carried out; but their competency as evidence does not hinge upon this fact. The fair presumption is that, when the labor was performed, no price was agreed upon, and therefore its reasonable value may be recovered.

. Nor can it be properly held that these entries, and those for groceries also, " do not show an intention to charge the deceased with a debt." The law looks to the substance rather than to the form of things. A statement in one's book that he performed labor for, or furnished goods or lent money to another, is ordinarily understood to mean, in the absence of evidence to the contrary, that he intended to charge that person with such labor, goods, or money. An entry in a diary containing daily memoranda of a person's transactions, " p. m. Hauling sawdust for Maleham," is hardly less expressive of an intention to charge Maleham with the labor than it would be if in a formal account book in this form: " Maleham, Dr. To hauling sawdust, p. m." Such entries show the nature of the charge, the date of the labor, for whom performed, its duration and its kind, and we have no doubt of their competency and sufficiency as charges. Certainly, they afford more particulars than are afforded by ordinary time-books, which are held to be competent under the rule in reference to account books. *Mathes* v. *Robinson*, 8 Met. 269; *Pratt* v. *White*, 132 Mass. 477, 479. So, also, a book containing straight marks, made at or about the time of the delivery of loads of sand, has been held to be competent in an action to recover pay for the sand. *Miller* v. *Shay*, 145 Mass. 162. And even marks upon a shingle and notches in a stick have been admitted in evidence. *Kendall* v. *Field*, 14 Me. 30. In brief, no arbitrary rule exists, or can be laid down without occasioning a frequent failure of justice, as to the form in which entries must be made to entitle them to be received as charges in favor of the party making them; and, in passing upon their sufficiency, regard is necessarily to be had to his education and his methods and knowledge of business, as evidenced by the entries or through other proper sources.

The result of our conclusions is, that all original entries upon the diaries relating to items of account in issue in this action, whether for labor, for goods, or for money paid or loaned, in sums not exceeding $6.67 (*Bassett* v. *Spofford*, 11 N. H. 167; *Rich* v. *Eldredge*, 42 N. H. 153, 158; *Bailey* v. *Harvey*, 60 N. H. 152), which of themselves show an intention to charge Maleham with the subjects thereof, are competent evidence, and should have been received and considered by the referee.

The plaintiff's testimony in explanation and interpretation of

the entries was properly excluded. It would not have been competent at common law, and, the defendant being an administrator, it is not competent under the statutes of this state. P. S., c. 224, s. 16; *Stevens* v. *Moulton*, 68 N. H. 254.

*Report set aside: case discharged.*

All concurred.