[Civ. No. 1369. Second Appellate District.—September 22, 1913.]

JOHN CAMPBELL, Respondent, v. JOHN C. RICE, Appellant.

EVIDENCE—ADMISSIBILITY OF COPY OF BILL OF PARTICULARS.—A plaintiff cannot introduce in evidence a copy of a bill of particulars, served upon the defendant in response to his demand therefore, which was prepared by transcribing items from order sheets, payrolls, and data constituting a book of original entry, in the possession of the plaintiff and susceptible of being produced.

ID.—BILL OF PARTICULARS—PURPOSE AND NATURE—ADMISSIBILITY IN EVIDENCE.—A bill of particulars, served upon the defendant in response to his demand therefore, is but an amplification of the complaint, its purpose being to apprise the defendant of the specific demand of his adversary, and it is no more admissible in evidence than is a copy of the complaint.

ID.—BOOKS OF ORIGINAL ENTRY—COPIES AS EVIDENCE.—A party to an action may not copy a book of original entry in his possession, withhold the original, and prove his case by introducing such copy in evidence.

APPEAL from a judgment of the Superior Court of San Diego County. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

A. H. Sweet, and Chas H. Forward, for Appellant.

Patterson Sprigg, for Respondent.

SHAW, J.—This is an action whereby plaintiff seeks to recover from defendant the sum of $636.75 for materials used and money expended for labor performed in the construction of a building at the special instance and request of defendant. The allegations of the complaint were denied.

Defendant appeals from a judgment rendered in favor of plaintiff.

Some time after the commencement of the action, in April, 1911, plaintiff, in response to a demand therefor by defendant, delivered to him a bill of particulars of the account, consisting of several hundred items, upon which the action was based. At the trial plaintiff, for the purpose of proving the allegations of the complaint, produced a copy of this bill of particulars so served upon defendant, and called plaintiff's bookkeeper to the stand, by whom he proved that during the construction of the building, which appears to have been commenced in April, 1910, and completed in July, 1910, he as bookkeeper had charge of and kept the accounts between plaintiff and defendant. He identified the document produced as a true and correct copy of a statement of account between the parties, showing the amount due from defendant to plaintiff for labor and materials used in the work. He was then asked: "Are those items correct there, as to the amount of the payments made?" to which he answered: "Yes, sir, they agree perfectly with my book, with my ledger." "Q. Will you state to the court whether or not this is an exact copy from the book of original entry?" to which he answered: "It is, yes." "Q. Made by yourself? A. I believe I even typewrited it myself." He further testified that he copied it from his original order slips which were entered from the time books and pay-rolls; that he did not have a book showing the original entries, but had the original order sheets from which he made the statement after the suit was commenced. Upon this showing plaintiff tendered the said document in evidence, to which defendant interposed an objection

that it was incompetent, irrelevant, and immaterial for the reason that it was not shown to be a book of original entries, and no foundation laid for its introduction. This objection was overruled and the paper admitted in evidence. In thus ruling the court clearly erred.

The contention of respondent is shown by the following excerpt from his brief: "The evidence of George E. Campbell (the bookkeeper) shows that the said account or bill of particulars was copied from a book of original entry, and on cross-examination he modified his statement by saying that they were copied by himself from original order slips kept by him. It makes no difference from what source the account is· made, so long as it is made from original entries, order slips, or what not." We cannot assent to this proposition. "In the United States a tradesman's book of original entries is in most jurisdictions received in evidence as *prima facie* proof, when supported by the tradesman's oath" (1 Wharton on Evidence, sec. 678) ; and this rule, though not.expressly declared, has the sanction of numerous authorities in this state. (*White* v. *Whitney,* 82 Cal. 163, [22 Pac. 1138] ; *Landis* v. *Turner,* 14 Cal. 573.) The rule, contrary to the common law, had its origin in the necessity of cases arising where such books were the only evidence of the matter in controversy and were therefore the best evidence obtainable. Not only was this copy of the bill of particulars not the best evidence, but no necessity existed for its introduction, for it conclusively appears that the document was transcribed from order sheets, pay-rolls, and other data constituting a book of original entry (*Hooper* v. *Taylor,* 39 Me. 224; *Rowland* v. *Burton,* 2 Har. (Del.) 288; *Kendall* v. *Field,* 14 Me. 30, [30 Am. Dec. 728] ; *Taylor* v. *Tucker,* 1 Ga. 231) in the possession of plaintiff and which he might have produced, thus giving defendant and the court an opportunity to examine it, in order to determine its integrity and correctness and giving to plaintiff an opportunity to explain any errors or discrepancies therein affecting its weight as evidence. We are referred to no authority, and we know of none, holding that a party to an action may copy a book of. original entry in his possession, withhold the original and prove his case by introducing such copy in evidence, while, on the contrary, numerous authorities hold such ruling to be error. (See *Creamer*

v. *Shannon,* 17 Ga. 65, [63 Am. Dec. 226] ; *Halstead* v. *Cuppy,* 67 Iowa, 600, [25 N. W. 820] ; *Moody* v. *Roberts,* 41 Miss. 74; *Skipworth* v. *Deyell,* 83 Hun (N. Y.), 307, [31 N. Y. Supp. 918].)

Moreover, a bill of particulars, served upon defendant in response to his demand therefor, is but an amplification of the complaint (*Edelman* v. *McDonnell,* 126 Cal. 210, [58 Pac. 528]), its purpose being to apprise defendant of the specific demand of his adversary, and hence there would be as much propriety in receiving in evidence a complaint, wherein the items of the account are set forth, as to receive a copy of a bill of particulars served upon defendant in response to his demand therefor.

The judgment is reversed.

Allen, P. J., and James, J., concurred.