SMITH ET AL. v. CHICAGO PORTRAIT CO.

[82 South. 145, Division A. No. 20776.]

1. EVIDENCE. *Secondary evidence. Statement of account.*
Copies of accounts, proved by witnesses to be correctly trans-
cribed from the books are not admissible in evidence even
though the books are shown to have been correctly kept.

2. SAME.
In a suit by an employer on a bond guaranteeing the faithful
performance of an employee's duties, an itemized statement of
the employee's account, testified by another employee who kept
the books, as being a correct copy of the books, is not admis-
sible in evidence although the books were correctly kept.

APPEAL from the circuit court of Lincoln county.
HON D. M. MILLER, Judge.

Suit by the Chicago Portrait Company against Joe T.
Smith and another. From a judgment for plaintiff,
defendant appeals. The facts are fully stated in the
opinion of the court.

*Naul & Yawn, P. Z. Jones* and *J. W. Nair,* for ap-
pellants.

*Brady & Dean,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee is a corporation engaged in the busi-
ness of enlarging photographs, selling of picture frames,
etc. Some time since it employed John W. Maddox as
one of its district managers, who executed to it a bond,
with the appellants as sureties thereon, to insure the
faithful performance of his duties as district manager
and the payment to appellee of any money which might
come into his possession by virtue of his employment.

On the termination of the relations between the appellee and Maddox, it instituted this suit in the court below to recover from the appellants several hundred dollars alleged to be due it by Maddox and secured by the bond aforesaid. The only evidence introduced by the appellee of Maddox's alleged shortage was an itemized statement of his account with it, one of its employees, under whose supervision its books of accounts were kept, having testified that the account had been correctly transcribed from the books, and that the books had been correctly kept.

The appellant's objection to the introduction of this statement of Maddox's account should have been sustained. *Moody* v. *Roberts & Co.,* 41 Miss. 74; *Pipes* v. *Norton,* 47 Miss 61. And, because it was not, the judgment of the court below must be and is hereby reversed and the cause remanded. We decide no other question claimed by the appellants to be presented by this record.

*Reversed and remanded.*