## Thomas D. Morris *vs.* Theophilus P. Briggs.

It is no objection to the admissibility in evidence of a book of original entries, offered in proof of an account for work and labor done and materials provided by a painter and glazier, that, when a job of work was undertaken, the course was to weigh the paint, &c., and, when the workmen returned, to take the daily memoranda kept by them, and therefrom to make the entries in the book, sometimes on the same day, sometimes after an interval of two or three days, and sometimes after a greater interval; that the book contained charges against different persons, bearing date on successive days, followed by charges against the defendant of an anterior date; that, in making the entries for a job of work, such as painting a house, it was customary, after making one or more charges, to leave a blank, to be filled up with subsequent charges against the same person, bearing a later date than the next succeeding charge to some other individual, in which cases, prices were not usually put down, but only the materials and number of days' works; and that there were apparently a few alterations, here and there, in the book, which, in the opinion of the auditor, before whom it was offered in evidence, were not sufficient to diminish its credibility.

The insolvency of a defendant, against whom a verdict has been rendered in the court of common pleas, and who has brought his case to this court by exceptions, having been suggested by leave of the court, and the exceptions being overruled, and judgment directed to be entered on the verdict, it was ordered by the court, that no execution issue on the judgment, but that the amount of debt and costs be certified, to be allowed as a debt proved by the plaintiff, under proceedings in insolvency, against the defendant, and that the costs be paid in full.

THIS was an action of assumpsit, commenced at the January term of the court of common pleas, 1847, to recover

Morris *v.* Briggs.

the amount of the plaintiff's demand against the defendant, for painting and glazing, and materials furnished therefor, according to an account annexed to the writ.

The case was referred to an auditor, who reported thereon, that if the plaintiff's book of accounts was admissible in evidence, he had proved a balance due him of $162·84; and that if the book was not admissible, he had only proved a balance of $91·93.

It appeared, from the auditor's report, that the plaintiff claimed the amount of three bills for work and materials, as a painter and glazier, (1) on the Nichols house, so called, in Roxbury, $477·42; (2) on the Wolcott house, Boylston street, Boston, $44·28; (3) on house in Minot street, $48·95; and that the bills numbered two and three were not controverted; the defendant, in admitting them, stating that his admission was to have no effect upon the charges embraced in the first bill.

The auditor referred the question of the admissibility of the plaintiff's book to the court, in the following statement: —

" In support of the first bill, among other evidence, the plaintiff was sworn to his book account of original entries, and it appeared from his testimony, that the charges were made at or about the time of the work done, or materials found, but not invariably on the same day; and that the course was, when a job of work was to be done, to weigh the paint, &c., and when the men returned, to take their memoranda of the work, which were entered then upon the book and compared with the memoranda.

" Daily memoranda were kept by the men, and the entries were made sometimes on the day, sometimes every two or three days, and one or two at longer intervals; as, for instance, there are charges against different persons of February 16, 17, 21, 23, 1846; and then follow charges against defendant, of February 16, 17, and 19. Generally, in cases of a single charge, the date is regular, and the price carried out; but where a job of work was to be done, such as painting a house, some charges would be made, and a blank left, filled in with a

Morris *v.* Briggs.

subsequent charge to the same person, bearing a later date than the next succeeding charge to some other individual; and in these instances prices are not usually put down, but only the materials and number of days' work. This is the case in the bill in controversy; also in the two other bills against the defendant, which were not objected to by defendant, and in bills for continuous jobs against others.

"The plaintiff's prices for work and materials were proved to be reasonable. The owner of the house testified, that he paid the defendant the sum of $403·65 for the painting alone. Apparently a few alterations were made, here and there; but not, in my opinion, affecting the honesty of the book. It was in evidence from plaintiff's workmen, that they kept memoranda of time and materials, and delivered them to plaintiff to be entered in book, and that the entire house with its appurtenances was painted by plaintiff's men.

"The defendant objected to the book as evidence, that it was not a record of daily transactions; that the party who did the work was the best evidence; that the charges were not specific with the prices attached; and therefore that the entire book should be rejected.

"It seemed to me, under all the circumstances, that the book was competent, and I admitted it; taking into account the condition in life of the plaintiff, the nature of his employment, and the manner of his charges against other persons, and also the manner of his charges in the other bills against the defendant, which were not controverted."

The case was tried at the July term, 1847, before *Cushing*, J., in the court of common pleas, when it appeared, upon an inspection of the plaintiff's book of accounts, by the judge, that the same was kept, and the entries made therein, as stated by the auditor in his report.

The defendant, thereupon, objected to the admission of the book in evidence; 1. Because the entries were not contemporaneous with the delivery of the goods, or the doing of the work and labor charged; 2. Because charges taken from memoranda kept by third persons were not made on the same

Tarbell *v.* Dickinson.

day, and, in some instances, not until several days after the work and goods charged were done and delivered ; 3. Because the persons who did the work, and those who sold the goods, were the better evidence ; 4. Because the book appeared to have been altered in material parts.

But the presiding judge overruled these objections, and decided that the book was admissible and competent evidence to prove the charges contained therein against the defendant, and allowed the same to go to the jury, who thereupon returned a verdict in favor of the plaintiff, for the larger of the sums reported by the auditor, and the defendant alleged exceptions.

The defendant, at the present term of this court, by leave of the court, filed an additional specification of defence to the action, namely, a discharge in insolvency, by a certificate in the usual form, dated December 5th, 1848, and thereupon suggested his insolvency accordingly.

*B. F. Brooks*, for the defendant.

*N. Dow*, for the plaintiff.

BY THE COURT. The court are of opinion, that, on the facts reported by the auditor, the plaintiff's books were competent evidence, and that the plaintiff is entitled to recover, according to the verdict, for the larger sum reported by the auditor : Also, that no execution issue on this judgment, but that a certificate go, &c., stating the several sums recovered as debt and costs, which are to be allowed as a debt proved by the plaintiff, under proceedings in insolvency, against the defendant, and the costs to be paid in full.