Doster vs. Brown.

GREEN B. DOSTER, plaintiff in error, vs. JAMES BROWN, defendant in error.

[1.] Books kept by the party himself, having no clerk, with alterations and erasures of amounts, are not admissible in evidence.

[2.] A witness who has been the owner of mills for 25 or 30 years, may be admitted to give his opinion as to the capacity of a person as a millwright, judging from the fact that his work did not answer the purpose intended.

[3.] It is not error for the Court to arrest the argument of counsel on a point to which there is no evidence.

[4.] It is a good defence in an action for the price of work done under a special contract, that the work was unfaithfully done, whether there was an express warranty or not.

Assumpsit and New Trial, from Coweta county. Decided by Judge BULL, September Term, 1857.

This was an action by Green B. Doster against James Brown, to recover the amount which the plaintiff claimed for work done in the erection of a mill for the defendant. The dam of the mill was washed away and the defendant refused to pay the plaintiff the amount claimed.

On the trial the plaintiff introduced a memorandum book to prove the account. To the admission of this in evidence the counsel for the defendant objected on the ground that it was without date and that there were alterations and erasures in the amounts charged, and the Court ruled it out.

The facts of this case are sufficiently stated in the opinion of the Court.

POWELL, for plaintiff in error.

SIMS and ERSKINE, contra.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The first assignment of error in this record is on the decision of the Court rejecting, as evidence, the memorandum book of the plaintiff, tendered as his book of original entries, to prove the account sued on. It was ruled out on two

grounds.   1st. Because it was without date; and secondly, because it showed, upon inspection, manifest alterations and erasures in the amounts charged.   The date of the account may have been proved by other evidence, and that the book had no date, was not a valid objection to its being admitted in evidence.   The date of the account must have been proven, however, in some way.   The other reason for excluding the books is a sound one.   This kind of evidence is of the lowest grade, being the mere declarations of the party himself, in writing, that another is his debtor.   There can be no reliance on such a book, where the amounts have been altered, and there are erasures, and there is no explanation, and the party had no clerk and made the entries and alterations himself.   They ought to have been rejected.

[2.] The only objection made to the admissibility of the evidence of Samuel D. Echols, was that he was not an expert.   There was no question asked him as to the particular work done.   He testified that the plaintiff was no millwright, and that his opinion was founded on work done by him for both the witness and the defendant.   He had owned mills twenty-five or thirty years, and had work done on them.   In the case of *Malton vs. Nesbit and another*, 1 *Car. & P.* 70, which was an action for negligently steering a ship, whereby she was wrecked, nautical men were called and allowed to give their opinion, whether upon the facts in proof there was negligence.   They were not steersmen.   I see no reason why a mill owner of twenty-five or thirty years' experience may not give his opinion in a case like this.   An expert is nothing more than a man of experience in the particular business to which the enquiry relates.

[3.] The Court below committed no error in arresting the argument of plaintiff's counsel, that he was entitled to recover the amount contracted to be paid to him, although the work was not done, if he was prevented by the act of God from finishing it.   There is no such principle.   He might, in such case, be entitled, on a *quantum meruit* count, to recover

for what materials had been furnished and the work which he had done, if it was worth anything. But in this case there was no evidence to support the argument. The mill and the dam had been washed away. There was no extraordinary flood, and one of the witnesses testified that the rain was not very heavy. The mill was not braced, nor was the dam or mill house weighted down. There was nothing to prevent its floating off. If the evidence be true, instead of what is termed in law, the act of God, preventing the work, the destruction of the mill and dam was the result of the great unskillfulness or the gross negligence of the plaintiff in executing the work which he had undertaken. While every shower of rain that falls upon the earth is the act of God, in contradistinction to the act of man, yet an ordinary freshet is not the act of God, in the legal sense which protects a man against responsibility for the non-performance of a contract like that made by this plaintiff. If by skill and labor, the work can be done by man so as to resist the ordinary, or what may be called extraordinary floods, which often occur, but at long intervals, and the work is carried away, it cannot be attributed to the act of God ; but if what is called a water spout, descends with such overwhelming power and force as to bear off every thing before it, and is irresistible, and the strongest work of man cannot stand up against it, then it may be said that man is faultless in the matter, and therefore excused for failure by the law. But such extraordinary and resistless calamities enure as an excuse and relief of both parties. If it legally releases the one from executing a work he has undertaken, it equally protects the other from paying for more than has been done.

In this case there was no proof of the value of the work done. The party relied on a special contract and sued for a stipulated price.

[4.] There was an objection to the admission of proof of the washing away of the mill and dam unless there had been a warranty of the work. There was no strength in this ob-

jection. The party was bound to do faithful work, for that is implied in every contract, whether there was a warranty or not. We have discussed and disposed of most of the grounds taken in the motion for a new trial. We think that the verdict is fully sustained by the evidence, and that there was no error committed by the presiding Judge against the plaintiff in his charge to the jury and that he committed no error in refusing the new trial.

Judgment affirmed.