## TASKER, receiver, *v.* BAUGH & JOHNSON.

In a suit by millmen to recover the price for manufacturing lumber, where one of the issues raised was whether the damage to the lumber, if any, was caused by failure to promptly pile it pursuant to the contract or by prevailing weather conditions, and it appeared from the evidence that the lumber was manufactured during a rainy season, not unusual for that locality, it was error to charge Civil Code, § 3725, as to impossibility of performance, by act of God, being equivalent to performance. Such a charge was inapplicable, and, in the connection in which it was given, the meteorological condition prevailing at the time the contract was being executed may have been interpreted by the jury as the act of God.

Argued January 19,—Decided February 16, 1906.

Complaint. Before Judge Gober. Fannin superior court. August 16, 1905.

*T. A. Brown* and *J. Z. Foster,* for plaintiff in error.

*F. C. Tate, O. R. Dupree,* and *John W. Henley,* contra.

Evans, J. Baugh & Johnson, millmen, entered into a contract with the receiver of the Tasker Lumber Company to cut, log, and manufacture, and put upon sticks, timber upon the land of the lumber company, and to receive therefor certain prices according to certain specifications. The receiver refused to pay for all of the lumber manufactured by the millmen, who instituted their suit to recover the balance due. The receiver of the lumber company, in defense to the plaintiffs' action, averred that the specifications alleged in the plaintiffs' petition were inaccurate in certain

particulars; that some of the lumber was not cut in accordance
with the contract, and was damaged by rot and stain occasioned by
the failure on the part of the plaintiffs to promptly and properly
pile the lumber after it was manufactured. The jury returned a
verdict in favor of the plaintiffs for about three fourths of the
amount claimed to be due in their suit; whereupon the defendant
moved for a new trial, on the general grounds, and because of a
certain instruction of the judge on the subject of excuse of per-
formance by the act of God. The motion was overruled, and the
defendant excepted. The evidence was conflicting as to the precise
terms of the contract, which rested in parol. There was also a
dispute in the evidence as to whether the lumber was promptly
piled after coming from the mill, in accordance with the contract.
The timber belonging to the lumber company was located in a
narrow mountain valley. During the time the timber was being
manufactured into lumber, the weather was rainy. The plaintiffs'
evidence presented the contention that the lumber was properly
sawed and promptly piled, and that any stain or rot to the lumber
was not traceable to any failure on their part to comply with their
contract, and that if there was any stain or rot in the lumber, it was
occasioned by the frequent rains which fell during the period of
time they were executing their contract, or by stain in the logs
before being sawed. The defendant's evidence, on the contrary,
presented the contention that some of the lumber was missawn, and
some of it was stained and rotted because of the failure by the
plaintiffs to promptly and properly pile it in accordance with the
contract. The court charged the jury that the burden was upon
the plaintiffs to show compliance with the spirit, and not merely
the letter, of the contract, and that if any damage resulted to the
defendant because of non-compliance with the terms of the con-
tract, the defendant would have the right to reduce whatever
amount was due on the contract price by the damages sustained by
the defendant resulting from non-performance of the contract; but
that if the plaintiffs had complied with the contract and the de-
fendant had suffered no damages by reason of the acts of the plain-
tiffs, in such case the plaintiffs would be entitled to recover the full
contract price. In immediate connection with this charge, the
court charged as follows: If such performance is impossible, and
became so by the act of God, such impossibility itself is a defense

equivalent to performance; but if by proper prudence such impossibility might have been avoided by the promisor, it ceases to be an excuse for non-performance.

The charge on the subject of excuse of performance of the contract because of the act of God was inapplicable. If the plaintiffs performed the work in accordance with the terms of the contract, they were entitled to recover the full contract price, notwithstanding the lumber may have become damaged because of the rainy season during which it was being manufactured. On the other hand, if the lumber became stained and rotted because of a failure to pile it pursuant to the contract, the damage thus occasioned would reduce the plaintiffs' recovery to that extent. The, charge was harmful to the defendant, as liable to be misunderstood by the jury in excusing non-performance of the contract in the piling of the lumber, because of the interference by meteorological conditions. The jury may have found with the defendant on the facts concerning the piling of the lumber, but that the plaintiffs were prevented from complying with their obligations, because of the frequent rains, and that this would excuse non-performance, as being the act of God. As was said by McDonald, J., in *Doster* v. *Brown,* 25 *Ga.* 26: "While every shower of rain. that falls upon the earth is the act of God, in contradistinction to the act of man, yet an ordinary freshet is not the act of God, in the legal sense which protects a man against responsibility for the non-performance of a contract like that made by this plaintiff." Contracts are made subject to be performed under ordinary conditions which may be reasonably anticipated with reference to the localities and seasons. Non-performance of a contract is not to be excused because one of the parties is prevented from performing his obligations in the premises by rains which are naturally and reasonably to be expected. *Cannon* v. *Hunt, 113 Ga. 501, 116 Ga. 452.* . In no sense could the interference with the work, attributable to rains which were neither unusual nor unprecedented, be an excuse for non-compliance with the contract. We are unable to say whether the jury accepted the evidence of the plaintiffs or that of the defendant on the subject of compliance with the contract relatively to the prompt piling of the lumber, or whether the jury found the stain upon the lumber was caused by the natural condition of the logs or by a failure to promptly pile the lumber. The jury. may have reached

the conclusion that although the lumber was not put on sticks as soon as it should have been, yet the rainy weather prevented a strict compliance with the terms of the contract and afforded an excuse to the plaintiffs for not sooner piling the lumber after it left the mill. The charge of the court may have been understood by the jury as stating, as a matter of law, that if the lumber was not piled in accordance with the contract because of the frequent rains, the defendant would not be entitled to reduce the amount due on the contract price by any damage from rot or stain occasioned by a failure to promptly pile the lumber; and for this reason there should be another trial of the case.

<em>Judgment reversed. All the Justices concur.</em>