# CHARLESTON.

## DEITZ v. McVEY.

Submitted February 1, 1916.    Decided February 8, 1916.

1. EVIDENCE—*Documentary Evidence—Account Books.*

    In an action on account, the book of original entry kept by a tradesman in the due course of business, when properly verified, is primary evidence. (p. 602).

2. SAME—*Documentary Evidence—Account Books—Competency.*

    The law prescribes no particular form or manner of bookkeeping, and a book is not disqualified because the writing is in pencil; or because the items are undated. (p. 602).

3. SAME—*Documentary Evidence—Account Books—Original Entry.*

    Where it is proven that a manufacturer of lumber sold it from his mill, in large quantities at so much per thousand feet, according to its kind or class, to be delivered to the buyer at the railroad by means of wagons and teams, and measured it as it was loaded on the wagons at the mill, and noted the kinds and quantities of lumber on slips of paper, or envelopes, that he might happen to have in his pocket, and immediately turned them over to his bookkeeper, who preserved them until the delivery of all lumber of a particular kind or class was completed, and then entered it in the book, as a lump sum, such book is one of original entry and is competent evidence. p. 602).

4. SAME—*Account Books—Incomplete Items.*

    But, if it is proven that some of the items were not so made up, but were furnished by the sawyer long after his work was completed, from an independent tally kept by him of all the lumber he sawed, such items are incompetent evidence; and, unless they can be identified and separated from the balance of the account, they discredit the entire account. (p. 602).

Error to Circuit Court, Fayette County.

Action by C. W. Dietz against T. C. McVey. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Dillon & Nuckolls,* for plaintiff in error.
*W. R. Bennett* and *J. L. Ryan,* for defendant in error.

WILLIAMS, PRESIDENT:

To a judgment recovered against him for $196.84 by C. W.

Deitz in an action of assumpsit on account for lumber sold and delivered, defendant T. C. McVey was awarded this writ of error.

Plaintiff's account extends over a period of several years, beginning sometime in 1907 and ending sometime in 1911. During that time he operated a saw mill, and sold most of the lumber he manufactured to defendant, who was a lumber dealer, and hauled it on wagons to the railroad at Ansted, the place of delivery. It was piled on the railroad yard as it was hauled, and taken up later and loaded on the cars by defendant. Plaintiff measured a part of the lumber from which his bill of particulars was made up and his sawyer L. M. Taylor measured a part of it. He testified that what he measured was measured as it was loaded on the wagons at the mill; that he kept a tally of it on such slips of paper and envelopes as he might happen to have in his pocket at the time, and took them home and turned them over to his daughter who kept his account in a book. The original tally slips were not preserved after the amounts of lumber were entered in the book. The items in the book are without dates, except the year, and are lumped, that is, the lumber is classified and all of a certain kind and price is entered as one item, with the price per thousand feet, and the value of the whole. Plaintiff's daughter testified that she kept the book for her father; that he turned the tallies over to her and she preserved them until a carload, or certain quantity, was made up; that she then ascertained from the tallies the amount of lumber of a particular class and entered it on the book, together with the price per thousand feet which, she says, her father told her he was to receive for it, and calculated the amount due. The account was kept in pencil in a small book about four by six inches in size. The court permitted the account to be read to the jury from the book, over the objecttion of the defendant, which is his principal assignment of error.

Was the book competent evidence to go to the jury? The rule admitting books of original entry as primary evidence of the charges therein contained, when the entries are proven to have been made at, or near the time of the transaction, and in the due course of business, is not denied by defendant's

counsel. But they insist that the testimony of plaintiff and his daughter does not prove that the book was kept in such manner as to entitle it to respect as evidence, and that it was improperly admitted. Absence of dates to the several items, except the year, and lumping them in such way as not to preserve the identity of the tallies, made when the lumber was loaded on the wagons, they say, destroy the character of the book as a book of original entry and render it incompetent as evidence. Plaintiff sold nearly all the lumber he cut to defendant, and sold it to him in larger quantities than wagon loads, and therefore there was no reason for keeping the account by the wagon load. The preservation of the tally slips, until the quantity of lumber of a particular kind or class was sawed and delivered, and the entry therefrom in the book, although in lump form, insures sufficient accuracy in the manner of keeping the book to entitle it to be regarded as a book of original entry, at least as to so much of the lumber as plaintiff himself measured. It was not essential that the items should have been transferred to the book immediately, or even shortly after the tallies were made, as the accuracy of the items, in this instance, does not depend on memory. *Hall* v. *Glidden,* 39 Me. 445; and *Bay* v. *Cook,* 22 N. J. L. 343. The book itself, when properly verified, and not the memoranda from which it is made, in cases like this, is regarded as the original. 3 Jones on Evi., Sec. 569; *Morris* v. *Briggs,* 57 Mass. 342; *Nicholas* v. *Haynes,* 78 Pa. St. 174; and *W. Va. Architects & Builders* v. *Stewart,* 68 W. Va. 506. Neither is it a valid objection to the book that the items do not show the day and month. *Bay* v. *Cook, supra;* 3 Jones on Evi., Sec. 571; *Doster* v. *Brown,* 25 Ga. 24, 71 Am. Dec. 153. The law prescribed no particular manner or form for book-keeping, nor the character of book in which accounts shall be kept, and hence the fact that the entries are made in pencil, in a small pocket book, does not affect its competency as evidence. *Cummings* v. *Nicholas,* 13 N. H. 420; *Hooper* v. *Taylor,* 39 Me. 224. It was proven to be a book kept by plaintiff in the due course of his business dealings with defendant, and the fact that no other account was kept in it does not discredit it. Plaintiff's daughter testified she kept the account of small sales to other people in other books. Completion of the de-

livery of all lumber of a particular class may properly be regarded as one transaction, although it may have required days, or even weeks, to complete the delivery. The entries were made of the lumber, in bulk, which appears to be according to the manner in which the parties dealt. The lumber was not bought or sold by the wagon load, but, as before stated, in larger quantities. Defendant's account of set-offs contains single items of credit amounting, in some instances, to more than six thousand feet of lumber, which was not all delivered in a day. This fact also tends to prove the manner of dealing between the parties, that defendant bought the lumber in large quantities; and hence the entering of the items in that form, and not by the wagon load, was a proper method of keeping the account. Separating the different classes of lumber by means of the tally slips, and entering all the lumber of a particular class as one item, when the delivery of it had been completed, does not discredit the book.

"A charge in a book of accounts is sufficient, even where it mixes up several items in the same general charge, and does not give any information as to the amount or value of each or of either of the items charged." *Bay* v. *Cook*, 22 N. J. L. 343. *Morris* v. *Briggs*, 57 Mass. 342.

In so far as the book consisted of entries, made from tally slips of measurements made by plaintiff and turned over to his daughter, we think it was admissible as evidence. But it does not appear that all the entries were so made. Plaintiff did not measure all the lumber charged on the book to defendant. He says his sawyer L. M. Taylor measured some of it; and Taylor swears he kept an account of it in a book, as he sawed it, but that the book was misplaced and he could not find it. He says he made up a statement on a sheet of paper for plaintiff from his mill tallies and gave it to him. That, however, was shown to be a year or more after the sawing was done. Plaintiff turned that statement over to his daughter; and she admits it was one of the original papers from which she made up the book. The items taken from the Taylor statement certainly can not be regarded as original entries; they were neither made in due course of plaintiff's business nor in reasonable time after the transactions were completed. They were simply copies of an account made by

a person not interested in the transactions. Moreover, they tend to introduce confusion and uncertainty into the account. Plaintiff having measured only a part of the lumber as it was being sawed, whereas Taylor measured all that he sawed, it is difficult to understand how he could distinguish, long after the sawing was done, the lumber measured by plaintiff. Neither the testimony of plaintiff or Taylor explains how this was done, and hence it is not certain, from the proof, that a part of the lumber was not twice measured and twice charged to defendant. It was, therefore, error to permit the entire account to be read to the jury as evidence.

If, on retrial, plaintiff can eliminate from the book the item, or items, taken from the Taylor statement, he will be entitled to have the remainder of his book considered by the jury; otherwise the whole book is rendered incompetent.

For reasons already stated the court did not err in overruling defendant's motion to require plaintiff to file a more specific bill of particulars.

For the error in permitting the whole of the book account to be read to the jury, which is presumed to have been prejudicial, the judgment is reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*