# CHARLESTON.

E. P. MARTUFI v. IDA DANIELS

(No. 5442.)

Submitted September 15, 1925.   Decided September 22, 1925.

1. EXECUTORS AND ADMINISTRATORS—*Personal Representative Should Ordinarily be Permitted to Plea Plene Administravit to Action Against Him.*

By reason of the statute law in this State, the plea of *plene administravit* in an action against a personal representative on a debt of the testator or intestate, presents an immaterial issue and the court should not permit it to be filed.   (p. 675).

(Executors and Administrators, 24 C. J. § 2094).

2. EVIDENCE—*Requisites to Admissibility of Book of Accounts as Evidence Stated.*

It is requisite to admissibility of a book of accounts as evidence that it be properly authenticated, that it be a book of original entry, that the entries have been made at or about the time of the transaction, and that each item has been entered severally when this is conformable to the nature of the transaction. (p. 675).

(Evidence, 22 C. J. §§ 1035, 1050, 1053, 1069).

3. WITNESSES—*Admission of Evidence That Deceased Person During Lifetime Never Objected to Reasonableness of Rent Held Error.*

Section 23 of Chapter 130 of the Code applied. (p. 677).

(Witnesses, 40 Cyc. p. 2313).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Summers County.

Action by E. P. Martufi against Ida Daniels, as administratrix of Robert Daniels, deceased. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*A. D. Daly,* for plaintiff in error.

*James H. Miller,* for defendant in error.

HATCHER, JUDGE:

In the year 1920, the plaintiff Martufi leased to Robert Daniels a cash register, a show-case, and a shoeshine chair. Daniels died in 1922, and sometime thereafter the plaintiff instituted this action for the recovery of rent on these articles against the defendant, as administratrix of Robert Daniels. A trial of this case in the circuit court of Summers county resulted in a verdict of $150.00 in favor of the plaintiff. From judgment thereon, the defendant prosecutes error here.

The defendant's brief contends that the trial court committed errors prejudicial to her (1) in rejecting her plea of goods fully administered, (2) in permitting the plaintiff to read to the jury from an account book the entries of rent charged the decedent, and (3) in allowing the plaintiff to be

examined as a witness in regard to personal transactions had with defendant's decedent.

The plea of goods fully administered or *plene adminis-travit* was properly refused. See point 6 of the syllabus of *Peck* v. *Marling's Adm'r.* 22 W. Va. 708.

The plaintiff admitted that the original charges for rent against decedent had been made on some small books which were destroyed by fire in January, 1921. After the fire, he re-entered *from memory,* in an account book lump charges for this rent. He was permitted, over objection of defendant, to read to the jury the rental charges against the decedent entered in the account book. Books of account are generally admissible in evidence when properly kept and authenticated. The decisions are in conflict, however, on the question on whether the foundation for the introduction of such evidence can be made by an interested party. Citing *Jeffords* v. *Muldrow,* 104 S. C. 388, 6 A. L. R. 755, and note thereto, Jones states that the weight of authority supports the competency of an interested party. Jones Evidence, Civil cases, par. 791. To be admissible, account books must be (a) books of original entry, (b) the entries must have been made about the time of the transaction, and (c) each item must have been entered severally when this is conformable to the nature of the business.

> "The entry must be an original one and not a mere copy or subsequently posted one."
> Elliot on Evidence, par. 460.
> *Dietz* v. *McVey,* 77 W. Va. 601.

> "It is another requisite to the admissibility of account books that the entry be made at or about the time of the transactions. The entries should not be a recital of past transactions, but an account of transactions as they occur. It is very clear that there is no principle on which shop books should be received as evidence, where the entries are not made at or about the time of the transaction. If not so made, the entries are no part of the register. They are mere independent declarations of the party in his own favor."
> Jones, supra, par. 572.

"It is necessary that the entries be contempora-
neous, or about the time of the transaction. . . .
Lump charges are a fatal objection to the admissi-
bility of the books, for the rule is that the entries
must be in such shape that they may be presumed
to be the daily minutes of the party's business and
transactions."

Elliot, supra, par. 460.

"Freshness of entering is essential: the entries
must be made as soon after the transaction as is
consistent with the due course of business. * * *
Each item must be severally entered when this is
conformable to the nature of the transaction."

Wharton on Evidence, par. 683.

The book of accounts from which the plaintiff read was
not a book of original entry, the entries therein were not made
at or about the time of the transaction, and the charges were
lump charges. It was therefore error to permit the plaintiff
to read these entries to the jury.

During his examination in chief, the plaintiff testified as
follows with reference to decedent:

"Q. And during his lifetime, did he ever kick
on the reasonableness of that rent?
A. No sir.
Q. Did he pay any rent at all?
A. He paid seven months rent which I give
him credit."

Upon a motion to strike this evidence, the court ruled as
follows: "All the evidence with reference to the personal
contract between him and the deceased is stricken out." The
defendant excepted. The court's ruling on this motion was
not sufficiently comprehensive. It was incumbent on the plain-
tiff to establish the rental contract. His evidence that the
deceased paid seven months rent and never kicked on the
reasonableness of the rent strongly supported his claim; but
this evidence related to a "personal transaction—between
the witness and a person ·at the time of such examination,

deceased." It was therefore in violation of section 23 of chapter 130 of the Code, and should have been excluded.

For the reasons indicated, we reverse the judgment, set aside the verdict, and remand the case for a new trial to be had in conformity with the views herein expressed.

*Judgment reversed; verdict set aside; new trial awarded.*